# EXHIBIT 1

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FLORIDA**

ELAINE MAGER and
STANLEY MAGER, individuals,                                    CASE NO:

Plaintiffs,
vs.

Rosanne KATZ, and
Scott KATZ

Defendants.
_____/

## COMPLAINT

COME NOW, Plaintiffs ELAINE MAGER and STANLEY MAGER ("Plaintiffs"), by and through their undersigned counsel, and hereby file this Complaint against Defendants, ROSANNE KATZ and SCOTT KATZ, and in support thereof state the following:

### JURISDICTION AND VENUE

1.      This is an action at law within the jurisdiction of this Court as a matter seeking damages.

2.      This is an action at law within the jurisdiction of this Court as a matter in controversy with damages exceeding $30,000.00, exclusive of interest, attorney's fees, if any, and costs.

3.      Plaintiffs ELAINE MAGER and STANLEY MAGER have a long-established residency, property, civil and court adjudged rights to a property located at 2030 South Ocean Drive Apt. 2112, Hallandale Beach, Fl 33009, at condominium which is known as Parker Plaza Estates ("Property") and are otherwise *sui juris*.

4.      Defendant Rosanne KATZ is a sister of Plaintiff STANLEY MAGER. Defendant Rosanne KATZ is named as a remainderman for the Property pursuant to a Settlement dated September 30, 2015 among all family members, Intervenants, former Curators and new Curators , which concerned many matters including but not limited to the care of Ruth KREPS MAGER,

1

the Florida Property and other disputes, set Settlement made a Judgment (Homologation) by the Superior Court of Quebec Montreal Division, October 8, 2015, further Orders from Canada, recognized by the 17th Circuit Court of Florida Judges in 2018, 2019, 2020 and 2021, and Consent and other Orders in the 17th Circuit Court of Florida in 2018-2021.

5.     Defendant Scott KATZ is Defendant Rosanne KATZ's son and an Intervenant, with benefits and obligations pursuant to said homologation.

6.     Venue is proper pursuant to §47.011, Fla. Stat., because the cause of action accrued in Broward County, Florida., and the Property that is the subject of this litigation is located in Broward County, Florida.

7.     All conditions precedent to the maintenance of the causes of action set forth herein have been cured, been waived, or have been satisfied.

## FACTUAL ALLEGATIONS

8.     The Property is owned by Ruth KREPS MAGER, a citizen and a resident of Montreal, Quebec, Canada, *es qualite*, homologated, who has been represented since a Judgment of her incapacity as to her Property and person since December 12, 2014, and is the mother of Plaintiff STANLEY MAGER.

9.     Family members and curators of Ruth KREPS MAGER agreed to the Settlement as to the management of Ruth KREPS MAGER's estate. The Settlement was homologated by Superior Court of Quebec Montreal Division on October 8, 2015. A true and correct copy of the Settlement, homologated ("Homologation") is attached as **Exhibit "A"**.

10.     The Homologation was further acknowledged by Orders from Canada, and recognized by the 17th Circuit Court of Florida, and Consent and other Orders in the United States. A true and correct copy of the Order dated June 12, 2019, by Hon. Kenneth Gillespie is attached as **Exhibit "B",** and the residency of STANLEY AND ELAINE MAGER was further confirmed by Orders of Hon. Charles Greene on March 10, 2020, December 9, 2020 and January 23, 2021.

11.     Plaintiff STANLEY MAGER and Defendant ROSANNE KATZ are parties to the Homologation. Plaintiff ELAINE MAGER and Defendant SCOTT KATZ are Intervenants to the Homologation through Intervention signed.

12.     Under the Homologation, the life estate of Ruth KREPS MAGER and the remainder interest of ROSANNE KATZ was recognized in Article 46 and that access to the Property for the residency of STANLEY AND ELAINE MAGER, and their Families was recognized. In Article 47 usage rights were recognized.

13.     Pursuant to sections 46 and 47 of the Homologation, Plaintiffs ELAINE MAGER and STANLEY MAGER were granted established residency, property, civil and court adjudged rights to a property up to 6 months a year. Plaintiffs ELAINE MAGER and STANLEY MAGER in fact spent between 4 to 5 months every year at the Property, pursuant to a schedule drawn up by the Curators in late 2015 into 2016 agreed to by the Families.

14.     The management of the Property was notified that under the Homologation, Plaintiffs STANLEY MAGER and ELAINE MAGER had rights to access the Property. A true and correct copy of the notification from David Rak, the Curator under the Homologation, dated November 10, 2015, to the PARKER PLAZA CONDOMINIUM ESTATES is attached as **Exhibit "C".**

15.     During their stay at the Property, Plaintiffs ELAINE MAGER and STANLEY MAGER's rights to the Property were recognized by the condominium association of the Property, Park Plaza Estates, and they had access to all facilities and records thereof.

16.     On September 10, 2017, a Category 4 Hurricane, Irma, made its landfall in South Florida. The Property was severely damaged due to wind and water damage during Hurricane Irma, since it is a beachfront residence.

17.     As a result of the Hurricane Irma, 9-inch of water entered the Property through the balcony and patio doors, and from above, and through the walls, the hallways, because poor caulking and fasteners were defective and other gaps through which the water and wind penetrated. Great damage was caused to the floor, the walls, the furniture and furnishings and possessions, and the artifacts of the residents and Ruth Mager.

18.     Plaintiffs STANLEY MAGER and ELAINE MAGER were only able to examine the full extent of damage caused to the Property in the daylight on September 25, 2017. Plaintiffs STANLEY MAGER and ELAINE MAGER immediately initiated cleaning procedures and contacted PARKER PLAZA management and ROSANNE KATZ AND SCOTT KATZ

personally and through their attorneys. True and correct copy of invoice capturing first impression of damage that was caused to the Property is attached as **Exhibit "D".**

19.    The remediation process for the Property did not proceed properly, because Defendant Rosanne KATZ failed to fulfill her duty as a remainderman and to assure that the Property is properly protected against catastrophic eventes and the capital damage by insurance which the remainderman never procured.

20.    The Property required immediate extensive work in order to repair the water damage caused by Hurricane Irma. However, without proper insurance funds, several failed attempts were done to remediate the Property correctly, both by Park Plaza Estates Association and by ROSANNE KATZ. Further mismanagement caused even further damage to the Property, and it was in deplorable condition until May 2018.

21.    Until May 2018, no significant repairs were made on the Property and the remainderman, withdrew from any responsibilities advising all attorneys and STANLEY AND ELAINE MAGER that sometime after October 2017, she had given a "POWER OF ATTORNEY" to her son SCOTT KATZ without ever to this date producing said power of attorney to any third-party or establishing its validity, particularly in the State of Florida

22.    Furthermore, SCOTT KATZ never established any standing, or any authority to act in the stead of his mother, particularly as the obligations pursuant to Judgments and Orders were personal to the remainder person and party, ROSANNE KATZ to the Homologation.

23.    On or about, May 1, 2018, on a visit to the Property, SCOTT KATZ was advised by Counsel to STANLEY MAGER in Florida and Quebec Province of his obligations to the Homologation and Florida Law, not to perform any act on said Property.

24.    Despite said notice, on or about May 1 to May 10, 2018, Defendant SCOTT KATZ hired a company named Imperial Construction and supervised repairs and renovations to said Property, as confirmed by MR. DAVID RAK to STANLEY MAGER in September 2018, and further confirmed in responses to Consent Orders, between the Public Curator of Quebec and STANLEY MAGER, in July 2019.

25.    In conducting the repairs on the Property. Defendant SCOTT KATZ, who had no official capacity or authority to manage or maintain the Property, did not obtain the approval for Imperial Construction work or authorization, allowed its entry without permission and evading PARKER PLAZA security, and management.

26.     Imperial Construction failed to obtain proper permits for work it performed and failed to provide its information, including insurance, to the Parker Plaza Estates' management, gaining unauthorized access to the Property with help of Mr. SCOTT KATZ. Work and repairs that were conducted by Imperial Construction were superficial, did not remedy the ruination of the possessions, were in some cases unworkmanlike, without permits and did not address major electrical problems or other hazards and was basically a quick superficial, cover up if the damages, his mother, the remainderman and party to the Homologation was responsible for.

27.     To add insult to injury, the payment of all work was made by MR. RAK, 11 days before his dismissal as Curator on June 8, 2018, out of the funds of the life estate holder Ruth, who was not legally responsible for said repairs, and thus there was an interference by ROSANNE AND SCOTT KATZ to the title of RUTH MAGER. The cost of said repairs was $11,650.00.

28.     On January 30, 2018, Plaintiff, STANLEY MAGER, as a result of his unanswered complaints to the Public Curator of Quebec for lack of supervision of the Curators to the person and property, MR. RAK AND MR. SULITEANU, particularly MR. RAK for not insuring the Property and the failure of either ROSANNE KATZ or MR. RAK to personally cover all the damages suffered by RUTH MAGER and STANLEY AND ELAINE MAGER at the Property, and the illegal and unethical retention by MR. RAK of ROSANNE KATZ'S former attorney MR. NIEL OBERMAN, filed his Petition for Guardianship.

29.     ROSANNE KATZ did not contest Plaintiff STANLEY MAGER'S Petition, which was done for the benefit of RUTH MAGER and all the Families and instead sent Plaintiff STANLEY MAGER a notice to his home in Georgia, personally, through her Quebec attorney MR. ETIENNE SHARECK, despite STANLEY MAGER being represented by a lawyer, that if STANLEY MAGER did not withdraw his Petition he would be indicted and imprisoned.

30.     ROSANNE KATZ did not appear in the Florida proceedings but rather supported the contestation by MR. RAK despite knowing that MR. RAK was covering his and her not insuring the Property. This caused ELAINE MAGER and STANLEY MAGER enormous stress and expense for lawyer fees for the ensuing legal proceedings through the year 2018.

31.     In addition, ROSANNE KATZ allowed MR. MICHAEL EHRENSTEIN to appear for MR. RAK despite MR. EHRENSTEIN having been ROSANNE KATZ'S attorney in 2015 in her Guardianship Petition, which was dismissed in the Homologation and which caused STANLEY MAGER significant and unwarranted cost to oppose MR. EHRENSTEIN.

32.     MR. EHRENSTEIN was disqualified on April 26, 2018, at considerable expense to STANLEY MAGER AND MR. RAK confided to STANLEY MAGER in negotiations for his release by STANLEY MAGER, that ROSANNE KATZ was well aware of the hiring of MR. EHRENSTEIN, supported it and avidly opposed STANLEY MAGER, in his Guardianship PETITION up to and after the appearance of the Public Curator of Quebec, (CPQ).

33.     In fact, it was revealed to STANLEY MAGER in a tutorship council assembly on March 22, 2019, that ROSANNE KATZ totally supported MR. JEAN PHILLIPPE CHENEVERT, counsel to the CPQ (hereinafter "counsel to CPQ). From the beginning of January 2018.

34.     Thus commenced a collusion between ROSANNE KATZ, SCOTT KATZ though Power of Attorney and counsel to CPQ to this date causing significant expense and legal fees, violating every basic concept of net neutrality of the Guardian to the Property in Florida.

35.     Throughout 2019, ROSANNE KATZ failed to appear at three depositions, claimed to be a non-party, yet appearing before Judge Speiser in Court with her attorney stating and disparaging Stanley Mager an unfit person.

36.     During 2020, ROSANNE KATZ did nothing and did not protest the further damage to the Property. The mold that became rampant and the nonmanagement of Mr. Roberts and his trespass which affected all the possession of the residents particularly of the mold which permeated the property and caused a loss of all the personal possession of ELAINE and STANLEY MAGER.

37.     On or about July 2021, ELAINE and STANLEY MAGER became aware of a entry in June 2021 improperly authorized by SCOTT KATZ with the purpose to cover up mold damages and further flooding in November 2020 from a Hurricane. This appears to be a repeat conduct of SCOTT KATZ in May of 2018.

38.     It is to be noted that in a letter sent by U.S counsel to CPQ on January 28, 2021, addressed to counsel to STANLEY and ELAINE MAGER, in which said counsel to CPQ and now TD Canada Trust demanded that STANLEY MAGER clear his possessions from the Property had no residency rights and would be enjoined if he were to try to visit the Property, said U.S counsel advised STANLEY MAGER that ROSANNE KATZ agreed with the contents with the letter.

39.     It is to be noted that on March 17, 2021, ROSANNE KATZ advised Judge Phillips that she was the sole owner of the Property and that RUTH MAGER had only a use and right to visit, and STANLEY MAGER had no rights to residency, and supported the CPQ who said the same.

## COUNT I
## NEGLIGENCE
### ROSANNE KATZ

40.     Plaintiffs ELAINE MAGER and STANLEY MAGER adopt, incorporate and re-allege paragraphs 1-39 as if fully set forth herein.

41.     Defendant ROSANNE KATZ as a remainderman had a duty to pay for hurricane repairs. In *Schneberger v. Schneberger,* 979 So. 2d 981, 982 (Fla. 4th DCA 2008), Court found that the remainderman was responsible to pay for the hurricane repair from the proceeds of insurance, as an extraordinary expense to the property.

42.     Defendant ROSANNE KATZ breached her duty when she failed to assure that a proper insurance policy is in effect to cover the Property in case of necessary repairs due to hurricane.

43.     Plaintiffs ELAINE MAGER and STANLEY MAGER lost their peaceable enjoyment of the Property as a direct and proximate result of Defendant Roseanne KATZ' failure to have proper hurricane insurance, which would allow fast and professional recovery process for the Property after extraordinary damages to the Property.

44.     Plaintiffs ELAINE MAGER and STANLEY MAGER suffered loss of peaceable enjoyment and incurred extensive expenses, damages, and fees, when they were personally involved in Property's remediation process.

**WHEREFORE**, Plaintiffs ELAINE MAGER and STANLEY MAGER, demand judgment against Defendant, Rosanne KATZ, for all damages, costs, and fees incurred by the Plaintiffs ELAINE MAGER and STANLEY MAGER resulting from the Defendant Rosanne KATZ' negligence, and any other relief this Court deems equitable and just.

## COUNT II
## BREACH OF CONTRACT
### ROSANNE KATZ

45.     Plaintiffs ELAINE MAGER and STANLEY MAGER adopt, incorporate and re-

allege paragraphs 1-39 as if fully set forth herein.

46.     Plaintiff STANLEY MAGER and Defendant ROSANNE KATZ were parties to the Homologation. Plaintiff ELAINE MAGER was an Intervenant to the Homologation.

47.     Pursuant to Sections 46 and 47 of the Homologation, Plaintiffs ELAINE MAGER and STANLEY MAGER had the right to enjoy the Property for 6 months per year.

48.     Defendant ROSANNE KATZ had a contractual responsibility under the Homologation to honor Plaintiff ELAINE MAGER and STANLEY MAGER's right to enjoy the Property under sections 46 and 47 of the Homologation.

49.     Defendant ROSANNE KATZ as a remainderman had a duty to pay for hurricane repairs. In *Schneberger v. Schneberger,* 979 So. 2d 981, 982 (Fla. 4th DCA 2008), Court found that the remainderman was responsible to pay for the hurricane repair from the proceeds of insurance, as an extraordinary expense to the property.

50.     Defendant ROSANNE KATZ was responsible to purchase hurricane insurance for the Property.

51.     Defendant ROSANNE KATZ breached the Homologation when she failed to maintain hurricane insurance for the Property, and then she failed to properly remediate the damage that was caused to the Property by Hurricane Irma. These actions and omissions of Defendant ROSANNE KATZ interfered with the contractual right of Plaintiffs ELAINE MAGER and STANLEY MAGER under Sections 46 and 47 of the Homologation, since due to the damage to the Property that was not properly remediated, Plaintiffs ELAINE MAGER and STANLEY MAGER were unable to make use of the Property and unable to enjoy it.

52.     As a result of Defendant ROSANNE KATZ' breach of the Homologation, and failure to properly insure against hurricane damage, and then failure to properly remediate the Property after Hurricane Irma, Plaintiffs ELAINE MAGER and STANLEY MAGER suffered great damage. Plaintiffs ELAINE MAGER and STANLEY MAGER suffered loss of peaceable enjoyment and incurred extensive expenses, damages, and fees, when they were personally involved in

**WHEREFORE**, Plaintiffs ELAINE MAGER and STANLEY MAGER demand judgment against Defendant ROSANNE KATZ for all damages, costs, and attorney's fees incurred by the Plaintiffs  ELAINE MAGER and STANLEY MAGER resulting from the breach of contract by Defendant ROSANNE KATZ and any other relief this Court deems equitable and just.

## COUNT III
## BREACH OF QUIET ENJOYMENT
### ROSANNE KATZ

53.     Plaintiffs ELAINE MAGER and STANLEY MAGER adopt, incorporate and re-allege counts 1-39 as if fully set forth herein.

54.     Plaintiffs STANLEY MAGER is party to Homologation, and Plaintiff ELAINE MAGER is an Intervenant to Homologation, referring to property of Ruth KREPES MAGER, the mother of Plaintiff STANLEY MAGER, and the owner of the record to the Property.

55.     Under the Homologation, Plaintiffs ELAINE MAGER and STANLEY MAGER were granted established residency, property, civil and court adjudged rights to a property pursuant to a Settlement among all family members and Ruth KREPS MAGER, *es qualite* , homologated, or made a Judgment by the Superior Court of Quebec Montreal Division, October 8, 2015, further Orders from Canada, recognized by the 17th Circuit Court of Florida , and Consent and other Orders in the United States, at the ASSOCIATION pursuant to the Homologation. The Homologation is both a contract and a judgment recognized by the Circuit Court, all the residents, and all the Guardians and Curators of Ruth KREPS MAGER. See the copy of the Homologation as **Exhibit "A".**

56.     Covenant of quiet enjoyment promises grantee of an estate in real property to possess premises in peace without disturbance by hostile claimants.

57.     Under the Homologation, Plaintiffs ELAINE MAGER and STANLEY MAGER as grantees of rights in the Property were protected by implied covenant of quiet enjoyment.

58.     Defendant ROSANNE KATZ failed to provide the Plaintiffs ELAINE MAGER and STANLEY MAGER with a quiet enjoyment while they were staying on the Property during their allotted months under the Homologation, since the bad condition of premises constituted a disturbance that denied the Plaintiffs ELAINE MAGER and STANLEY MAGER the contractual right of quiet enjoyment at the Property without disturbance caused by deplorable conditions of the Property pursuant to the water damage.

59.     Moreover, Defendant ROSANNE KATZ as a remainderman failed to secure Plaintiffs ELAINE MAGER and STANLEY MAGER's right on the Property with the Park Plaza Estates condominium association.

60.     Defendant ROSANNE KATZ failed to protect quiet enjoyment of Defendant Plaintiffs ELAINE MAGER and STANLEY MAGER's at the Property, and prevent them from being harassed by police officer and the management, when police officer and the management attempted to remove Plaintiffs ELAINE MAGER and STANLEY MAGER from the Property despite the fact that under Sections 46 and 47 Plaintiffs ELAINE MAGER and STANLEY MAGER were granted with rights as to the use of Property. This has caused Plaintiffs ELAINE MAGER and STANLEY MAGER a great disturbance and inconvenience.

**WHEREFORE**, Plaintiffs ELAINE MAGER and STANLEY MAGER, demand judgment against Defendant ROSANNE KATZ  for all damages, costs, and attorney's fees incurred by the Plaintiffs ELAINE MAGER and STANLEY MAGER resulting from the Defendant's breach of implied covenant of quiet enjoyment, and any other relief this Court deems equitable and just.

## COUNT IV
## NEGLIGENCE
## SCOTT KATZ

61.     Plaintiffs ELAINE MAGER and STANLEY MAGER adopt, incorporate and re-allege paragraphs 1-39 as if fully set forth herein.

62.     Defendant SCOTT KATZ as an Intervenant to the Homologation, and he had a duty to all other parties, including Plaintiffs ELAINE MAGER and STANLEY MAGER, to keep the Property in good state of repair.

63.     Defendant SCOTT KATZ breached his duty when in May 2018, Defendant SCOTT KATZ hired a company named Imperial Construction to conduct the repairs on the Property. Defendant SCOTT KATZ did not obtain the approval for Imperial Construction work or authorization for payment from Plaintiffs ELAINE MAGER and STANLEY MAGER. Defendant SCOTT KATZ assisted to Imperial Construction gain illegal access to the Property, without proper permits for work, and without notifying Parker Plaza Estates' management. Work and repairs that were conducted by Imperial Construction were attempting to conceal and not repair the damages, and therefore, the work was defective, deficient, and unworkmanlike, and caused more long-term damages to the Property.

64.     SCOTT KATZ' actions constituted actual and proximate cause of the damages that were caused to the Property.

65.     Plaintiffs ELANE MAGER and STANLEY MAGER lost their peaceable

enjoyment of the Property as a direct and proximate result of Defendant ROSANNE KATZ' failure to have proper hurricane insurance, which would allow fast and professional recovery process for the Property after extraordinary damage to the Property.

66.    Plaintiffs ELAINE MAGER and STANLEY MAGER suffered loss of peaceable enjoyment and incurred extensive expenses, damages, and fees, when they were personally involved in Property's remediation process.

**WHEREFORE**, Plaintiffs ELAINE MAGER and STANLEY MAGER, demand judgment against Defendant, SCOTT KATZ, for all damages, costs, and fees incurred by the Plaintiffs ELAINE MAGER and STANLEY MAGER resulting from the Defendant Scott KATZ' negligence, and any other relief this Court deems equitable and just.

<u>**COUNT V**</u>
<u>**BREACH OF CONTRACT**</u>
<u>**SCOTT KATZ**</u>

67.    Plaintiffs ELAINE MAGER and STANLEY MAGER adopt, incorporate and re-allege paragraphs 1-39 as if fully set forth herein.

68.    Plaintiff STANLEY MAGER was a party to Homologation, while Plaintiff ELAINE MAGER and Defendant SCOTT KATZ were Intervenants to the Homologation.

69.    Pursuant to Sections 46 and 47 of the Homologation, Plaintiffs ELAINE MAGER and STANLEY MAGER had the right to enjoy the Property for 6 months a year each year.

70.    Defendant SCOTT KATZ had an implied contractual responsibility under the Homologation to honor Plaintiff ELAINE MAGER and STANLEY MAGER's right to enjoy the Property under sections 46 and 47 of the Homologation.

71.    Defendant SCOTT KATZ was not allowed and had no rights to conduct any repairs conducted on the Property.

72.    Defendant SCOTT KATZ breached the Homologation when he hired a company named Imperial Construction to conduct the repairs on the Property. Defendant SCOTT KATZ did not obtain the approval for Imperial Construction work or authorization for payment from Plaintiffs ELAINE MAGER and STANLEY MAGER. Defendant SCOTT KATZ assisted to Imperial Construction gain improper access to the Property, without proper permits for work, and without notifying Parker Plaza Estates' management. Work and repairs that were conducted by Imperial Construction were attempting to conceal and not repair the damages.

73.     Due to the damage to the Property and cover up by SCOTT KATZ, Plaintiffs ELAINE MAGER and STANLEY MAGER rights were being interfered and suffered damages.

74.     As a result of Defendant SCOTT KATZ' breach of the Homologation and interfering with Plaintiffs ELAINE MAGER and STANLEY MAGER rights caused significant damage. Plaintiffs ELAINE MAGER and STANLEY MAGER suffered loss of peaceable enjoyment and incurred extensive expenses, damages, and fees, when they were personally involved in attempts to remediate the Property and to pursue their Petition and contest SCOTT KATZ' actions

**WHEREFORE**, Plaintiffs ELAINE MAGER and STANLEY MAGER demand judgment against Defendant SCOTT KATZ for all damages, costs, and attorney's fees incurred by the Plaintiffs ELAINE MAGER and STANLEY MAGER resulting from the breach of contract by Defendant Scott KATZ and any other relief this Court deems equitable and just.

## **<u>DEMAND FOR JURY TRIAL</u>**

PLAINTIFFS demands trial by jury on all issues so triable.

DATED: September 24, 2021

**SOUTH FLORIDA LAW, PLLC**
1920 E. Hallandale Beach Blvd., Ste. 702
Hallandale Beach, FL 33009
Direct: (917) 442-4085
Office: (954) 900-8885
Fax: (954) 900-8886

*/s/ Frank DelloRusso*
FRANK DELLORUSSO
Florida Bar No. 111949
*fdellorusso@southfloridalawpllc.com*
ATTORNEY FOR PLAINTIFFS

# EXHIBIT A

### PROCÈS-VERBAL
(en matière civile)

V-1

| N° de dossier | 500 -17 -077901 -133 | Cour: | ☐ du Québec ☑ supérieure |
| Nom du juge | Hon. Juge JOËL A. SILCOFF JC8 | Inscription | ☐ par défaut ☐ ex parte ☑ contestée |
| Chambre | CIVILE | Salle n° | Date 8 OCTOBRE 2015 |

**☑ PARTIE DEMANDERESSE   ☐ PARTIE REQUÉRANTE   ☑ PRÉSENT(E)   ☐ ABSENT(E)**

| STANLEY D. MAGER | Me BRAHM CAMPBELL (P) |
| | Me |
| | Me |

**☑ PARTIE DÉFENDERESSE   ☐ PARTIE INTIMÉE   ☐ PRÉSENT(E)   ☑ ABSENT(E)**

| RUTH KREPS | Me |
| | Me  COPIE CONFORME |
| | Me  MONTRÉAL, le X OCTOBRE 2015 |
| | Me |

**☑ INTERVENANT(E)**   Greffier adjoint, C.S.M.

| FAIGIE ADELMAN | Me |
| | Me LUCIE LANDULT (P) |

**☑ TIERS MIS EN CAUSE**  Me MARIN LAVOIE (P)

| ROSANNE MAGER KATZ | Me NEIL G. OBERMAN (P) |
| | Me |

Nature de la cause _____ HOMOLOGATION D'UNE TRANSACTION _____  $

| Greffier F.R. DUFRESNE | Interprète | Sténographe |

**ENREGISTREMENT MÉCANOGRAPHIQUE**

| DÉBUT 14H20 | FIN 14H00 |
| Bobine maîtresse | Bobine individuelle |

**AFFAIRES RÉFÉRÉES AU MAÎTRE DES RÔLES**

| ☐ pour encombrement | Temps prévu | ☐ affaire réglée hors cour | ☐ affaire rayée |
| ☐ suite à une demande des parties | | ☑ affaire en délibéré | ☐ affaire en délibéré après notes |
| ☐ suite à une ordonnance du juge | | ☑ jugement rendu le 8 OCTOBRE 2015 | |
| ☐ cause en progrès | | ☐ autre | |

Remarques _____

| Date 8 OCTOBRE 2015 | Signature du greffier | Signature du juge (s'il y a lieu) |

ORIGINAL

· SJ-256-M (1990-10)

EXHIBIT "1"

LE 8 OCTOBRE 2015

PROCÈS-VERBAL D'AUDIENCE (suite)

CANADA
PROVINCE DE QUÉBEC
District: MONTRÉAL
500-17-077901-133

ENREGISTREMENT

RÉFÉRENCES

14:20  Ouverture de l'audience
       Identification des procureurs
14:21  Représentations de Me OBERMAN
14:23  Remarques du TRIBUNAL
14:23  Représentations de Me Oberman
14:28  Question du TRIBUNAL
14:28  Représentations de Me Oberman
14:29  Remarques du TRIBUNAL

       JUGEMENT:

At this point request of
Counsel for each of the interested
parties in both court actions namely
FILES NO. 500-17-077901-133 and
500-14-046627-154;

       The Court homologates
and declares executory a Receipt, release,
discharge and Transaction agreement and
Definitive settlement signed by the parties
and the other interested parties and
intervenants on or about september 30,
2015.
(COPY ATTACHED)     The whole without costs

14:33

GREFFIER CB

HON. JUGE JOEL A. SILCOFF J.C.S.

Page 2 de 3

BJ-256-1 (1985-01)

CANADA
PROVINCE DE QUÉBEC
District _____
540-17-01___1-133

ENREGISTREMENT

RÉFÉRENCES

8-10-2015

PROCÈS-VERBAL D'AUDIENCE (suite)

14h45   C1-1 _____ _____ and
_____ _____ to _____ _____
_____ _____ _____ _____
_____ _____ _____ _____
(ci-annexé)

_____ J.A. _____

Page 3 de 3

· SJ-256-1 (1995-01)

## CHÈQUES

| | | | |
|---|---|---|---|
| 152 | 100,000$ | pour | Stanley Mager |
| 151 | 72,000$ | pour | Stanley Mager |
| 020 | 25,000$ | pour | Stuart Mager |
| 019 | 70,610.28$ | pour | Stanley Mager |
| 015 | 72,050.00$ | pour | Stanley Mager |
| 001 | 55,000.00$ | pour | Stanley Mager |
| 0149 | 15,075.05$ | | Miller Thomson Thomson |
| 0150 | 14,457.98$ | | Seal Seidman |
| 0148 | 2,073.35$ | | David Fontaine |
| 018 | 4,781.50$ | | Glenn M. Mednick P.L. |
| 0146 | 15,075.00$ | | Dr. René Desautels |
| 0147 | 5,102.50$ | | Monique Renaud Gerontological Services Inc. |
| 0157 | 6,462.81$ | | Miller Thomson |
| 0153 | 100,000$ | | Rosanne Katz |
| 0156 | 24,993.61$ | | Jolicoeur Lacasse |
| 014 | not to exceed 55,000 USD | | for the Estate of Nat Mager |

## DOCUMENTS

Copies : Counter letter circulated to attorneys present
Certified Copies of Transaction circulated to attorneys present.
Confirmation of Me B. Campbell and MeN. Oberman regarding letter of apology being sealed in accordance to article 14 of the Counter letters.

# RECEIPT, RELEASE, DISCHARGE AND TRANSACTION AGREEMENT
## AND DEFINITIVE SETTLEMENT
### (the "Agreement")

Stanley D. Mager vs. Ruth Kreps et al.    Rosanne Mager Katz vs. Stanley Mager et al.
No.: 500-17-077901-133                    No: 500-14-046627-154

**BETWEEN:**      **STANLEY D. MAGER,** residing and domiciled at 5479 Bunky
                  Way, in the City of Dunwoody, State of Georgia, USA, 30338;

                                                    (hereinafter **"Stanley"**)

**AND:**          **ROSANNE KATZ,** residing and domiciled at 5798 Eldridge
                  Avenue, in the City of Cote-St-Luc, Province of Quebec, H4W
                  2E4;

                                                    (hereinafter **"Rosanne"**)

**AND:**          **RUTH KREPS,** residing and domiciled at 119 Finchley Street, in
                  the City of Hampstead, Province of Quebec, H3X 3A1;

                                                    (hereinafter **"Ruth"**)

**AND:**          **FAIGIE ADELMAN,** *ès qualité* of Curator to her person, 6000
                  Cavendish Boulevard, Apartment 115, in the City of Cote-St-Luc,
                  Province of Quebec, H4W 2Y2;

                                                    (hereinafter **"Faigie"**)

                  (herein sometimes collectively referred to as the **"Parties"**)

**AND:**          **ANICETO PEDICELLI,** *ès qualité* of Curator to her property,
                  8250 Decarie Boulevard, Suite 300, in the City of Montréal,
                  Province of Quebec, H4P 2P5;

                                                    (hereinafter **"Aniceto"**)

---

**WHEREAS** in the *Motion to Institute Proceedings for the Appointment of a Curator to a Person of Full Age and Safeguard Order & Demand for Psychiatric Examination* (hereinafter **"Curatorship Action"**), bearing Case Number 500-17-077901-133, in the Superior Court of Quebec for the District of Montreal, adopted by the Petitioner Stanley D. Mager against the Respondent, Stanley's mother, Mrs. Ruth Kreps and the Reasonable Person, Stanley's sister, Mrs. Rosanne Katz, the Parties and related

COPIE CONFORME

MONTRÉAL, Le

2

persons have now entered into this transaction Agreement and solely to purchase the peace and avoid any additional expenses to Stanley, Rosanne and Ruth;

**WHEREAS** in the *Motion to Revoke and Replace a Liquidator* (hereinafter **"Estate Action"**) bearing Case Number 500-14-046627-154, in the Superior Court of Quebec for the District of Montreal, adopted by Rosanne Mager Katz, against Stanley Mager as Defendant, the Parties have settled their respective rights and actions herein and solely to purchase the peace and to avoid any additional expenses to Stanley and Rosanne;

**WHEREAS** the intervening parties form part of the respective members of the Katz and Mager families consisting of Rosanne, her husband, her children and Stanley, his wife, his children (hereinafter respectively referred to as **"The Katz family"** and **"The Mager family"**);

**WHEREFORE** the said Parties have entered into this Agreement by way of the present *Receipt, Release, Discharge and Transaction Agreement and Definitive Settlement* to be homologated by the Case Management Justice, the Honorable Mr. Justice Joël A. Silcoff, J.S.C., and which will terminate the following outstanding issues as more fully described in the *Receipt, Release, Discharge and Transaction Agreement and Definitive Settlement* herein;

**AFTER HAVING SO DECLARED, ROSANNE AND STANLEY HAVE AGREED AS FOLLOWS:**

1. The preamble shall form an integral part of the present *Receipt, Release, Discharge and Transaction Agreement and Definitive Settlement;*

<u>**Curatorship Action: 500-17-077901-133**</u>

<u>**Curator to the Person**</u>

2. The Curator to the Person, Ms. Faigie Adelman, has agreed to resign and her mandate shall end upon the homologation of the present *Receipt, Release, Discharge and Transaction Agreement and Definitive Settlement* by this Honorable Court;

3. Upon the termination of her mandate, the Curator to the Person must provide the fifth and final report to the New Curator to the Person providing for proper transition, the whole within two (2) weeks from the date of termination and concurrently with same she must transmit all her files to the New Curator;

4. Stanley and Rosanne have had an opportunity to interview and to approve the New Curator to the Person;

2

3

5. The Curator to the Person shall be David Suliteanu, (hereinafter the "New Curator to the Person") with consultants Stanley and Rosanne, whose disbursements and expenses shall be covered by Ruth's patrimony;

6. The New Curator to the Person shall perform his/her legal rights and duties but the consultants shall offer their opinions related directly or indirectly and participate equally in all major decisions relating to the health, welfare, and best interest of Ruth, the fees shall be fixed at ONE HUNDRED DOLLARS (100$) per hour which includes any sub-contracting and/or delegating he may incur;

7. If there is a serious material dispute between the New Curator to the Person and the said consultants, the Parties shall submit the dispute to mediation under the sub-section mediation below and failing settlement the Parties irrevocably submit their dispute to binding arbitration as set out herein;

## Curator to the Property

8. The Curator to the Property, Mr. Aniceto Pedicelli, has agreed to resign and his mandate shall end upon the homologation of the present *Receipt, Release, Discharge and Transaction Agreement and Definitive Settlement* by this Honorable Court;

9. Within two weeks of the homologation of the present Agreement, the Curator to the Property shall provide a full and final accounting to the Parties and the New Curator to the Property, providing for proper transition, and he shall give the New Curator to the Property any and all books, ledgers, documents and accounting notes being his own property and that of Shapiro Baer of which he is an employee concerning same;

10. The Curator to the Property shall be David Rak (hereinafter the "New Curator to the Property");

11. Stanley and Rosanne have had an opportunity to interview and to approve the New Curator to the Property;

12. The New Curator to the Property shall be acting with consultants Stanley and Rosanne, whose disbursements and expenses shall be covered by Ruth's patrimony;

13. The New Curator to the Property shall act in the highest interests of the well-being of Ruth, including her patrimony and any recovery there under against third persons under the *Civil Code of Quebec*, with the exclusion of any members of the Katz and Mager families;

4

14. The New Curator to the Property and his accounting firm shall charge reasonable fees consonant with his position as noted in the province of Quebec and will certify that his firm has adequate insurance to cover any of his acts;

15. If there is a serious material dispute between the New Curator to the Property and the consultants, the Parties shall submit the dispute to mediation under the sub-section mediation below and failing settlement the Parties irrevocably submit their dispute to binding arbitration as set out herein;

**Permanent Residence of Ruth**

16. The full-time residence of Ruth shall be the Seniors Residence "LE WALDORF" (hereinafter the **"Waldorf"**) and Ruth shall reside as soon as possible in unit 705 currently under lease in the name of Ruth upon the homologation of the present Agreement;

17. Rosanne shall furnish Ruth's Waldorf apartment with the best furniture and fixtures chosen from her former residence on 119 Finchley Road in the City of Hampstead, District of Montreal (hereinafter **"Finchley Residence"**) and Stanley shall have the opportunity to provide in-put to the New Curator to the Person, the New Curator to the Property and Rosanne concerning such furnishings;

**119 Finchley Road**

18. The sole owner of the Finchley Residence is Mrs. Ruth Kreps;

19. The Finchley Residence will be immediately listed for sale with the broker, Ms. Horna Walter, of Royal Lepage, for an exclusive mandate of six (6) months and a commission of a maximum of four percent (4%) and the proceeds of the sale thereof shall be deposited into Ruth's patrimony;

20. The Parties agree that the Finchley Residence shall be listed until sold;

21. All of the remaining movables, fixtures and the like shall be evaluated in writing by a jointly named appraiser by Stanley and Rosanne;

22. Rosanne and Stanley shall choose from the remaining movables that which they wish to have, after Ruth's relocation to the Waldorf, on a turn-by-turn basis, Rosanne choosing first and Stanley choosing thereafter until the process is concluded;

**Access and visitation**

23. All members of the Katz and Mager families shall have full access to Ruth and shall be subject to the supervision of the New Curator to the Person, Mr. David

5

Suliteanu, who shall act reasonably in his position to encourage the relations between Ruth and the families; Rosanne and Stanley shall have priority in scheduling access;

24. Each party shall exercise their access rights in a reasonable manner and in the best interests of Ruth ensuring that Ruth spends time with both her children and their respective families; however, Stanley and Rosanne are encouraged to arrange their presence whenever possible together with Ruth which will be in the absolute best interest of their mother;

25. Moreover, each party and their families shall not be in the presence of the other side of the family while exercising their visitation rights with Ruth, except for Stanley and Rosanne alone;

26. The Parties shall facilitate and encourage the utilization of electronic means of communication, such as FaceTime, telephone and other means, in order to maintain regular contact with Ruth;

27. Any dispute relating to access and visitation to Ruth with the respective families shall be resolved by the New Curator to the Person;

## Employment of Caregiver

28. Estrellita ("Starr") Perez shall maintain her current employment and salary as Ruth's caregiver on an indefinite basis and said employment can only be terminated and salary modified upon the accord of both Rosanne and Stanley in writing;

## Retroactivity

29. The proceedings in retroactivity are deemed of the utmost importance to the interests and patrimony of Ruth because of the legal recourses available for recouping for Ruth's patrimony the excessive amounts charged and debited against same by various parties;

30. Stanley and Rosanne agree that Stanley will instruct and aid both the New Curators to take and present all legal proceedings required to have Ruth declared incapacitated since January, 2008;

31. Stanley and Rosanne agree that all recoveries shall be for the patrimony of Ruth, which they agree is in the best financial interest of Ruth and that any such recoveries must be deemed cost effective by the New Curator to the Property;

32. Any proceedings taken by the New Curators shall be taken on the condition that the respective families waive any and all rights, action and privileges against

6

each other and any members of the Katz/Mager families concerning any discovery of financial recourses resulting from the institution of said proceedings;

33. Rosanne agrees that she will not oppose, contest or mandate any attorneys to contest any proceedings concerning the retroactive incompetency of Ruth in any capacity whatsoever and will not change any of her instructions to the New Curators to the Property and to the Person in this regard on the condition that Stanley and Rosanne and their respective families waive any and all rights, actions and privileges against each other and any members of the Katz/Mager families concerning any discovery of financial recourses resulting from the institution of said proceedings;

33.1 The signature of the present *Receipt, Release, Discharge and Transaction and Definitive Settlement* by Aniceto can be in no way construed as an admission to the veracity of Articles 29 to 33 of the present Agreement;

**Mediation/Arbitration**

34. Save and except for Faigle and Aniceto, any dispute between the Parties shall first be resolved by the joint appointment of an accredited mediator, member of the Bar of Quebec, in the province of Quebec;

35. In the event that the mediation fails, any dispute arising out of or in connection with the present Agreement that is not settled by mediation, then the Parties, save and except for Faigle and Aniceto, agree that the dispute or any other dispute from this Agreement shall be finally settled under the Rules of Arbitration set out in Article 940 and following in the Civil Code of Procedure of the Province of Quebec. Each party shall select an Arbitrator; the two Arbitrators shall then appoint one single Arbitrator to hear the dispute. The single Arbitrator shall be a former member of the Judiciary who is bilingual and who has experience in the area of family disputes and be subject to the items set our below:

    i. The Arbitration shall be conducted in the English language in Montreal, Quebec, Canada;

    ii. The Arbitration must be completed within 30 days of its commencement;

    iii. The Decision of the Arbitrator shall be final and binding without right of appeal;

    iv. Each party shall pay their own legal fees and costs unless so awarded by the Arbitrator;

35.1 It is expressly agreed to by the Parties that any proceedings for mediation, arbitration or any other legal proceedings involving the New Curators in any

7

capacity in their roles as Curators shall be paid and absorbed by the patrimony of Ruth and/or her legal successors;

**Estate Action: 500-14-046627-154**

**Liquidators**

36. Rosanne and Stanley shall remain in their functions as liquidators of the Estate;

**Estate Affairs**

37. The New Curator to the Property and his accounting firm shall be appointed to handle the winding-up of the Estate of the Late Nathan Mager as quickly and efficiently as possible;

**Tie-Breaker**

38. The mandate of the current Tie-Breaker, Mr. Alain Ouimet, shall end upon the homologation upon the present *Receipt, Release, Discharge and Transaction Agreement and Definitive Settlement* by the Honorable Court;

39. The current Tie-Breaker shall prepare a final report and transfer his files and documentation to the New Curator to the Property, who will determine a fair fee to be paid to him and upon consultation with the two Liquidators;

40. The Parties agree that the New Curator to the Property shall act as Tie-Breaker;

**Scott Katz**

41. Upon the homologation of the present Agreement, Scott Katz shall no longer receive the perpetual gift of $3k/month;

42. Scott Katz will continue to be a financial advisor for Fashion Togs which will be an asset of the spousal trust and he will receive a one percent (1%) fee annually from the Estate as he has received, and forward, as soon as the spousal trust is established as per the Last Will and Testament of the Late Nathan Mager;

**Waiving rights of contestation**

43. All signatories to this Agreement to the exclusion of Aniceto undertake to waive any right to contest, at her death, the Last Will and Testament of Ruth Kreps of June 29, 2010 as all the Parties understand that by doing so and succeeding would merely restore the Will of 1995 which would as a result nullify the bequests in the 2010 to the four (4) grandchildren; therefore any decisions of retroactive incompetency shall not include the Last Will and Testament of Ruth Kreps of 2010 and this does not apply to the Codicil of November 29, 2010 to Ruth's Will;

8

44. In consideration of the compromises set out in this Agreement, the Parties to this Agreement as well as their heirs, children, next of kin, assigns and minors hereby waive any and all right to request the re-opening of the Voluntary Disclosure of Nathan Mager or Ruth and the Parties agree that the Katz/Mager families agree to waive any recourses they may have against each other or any members of their family regarding any Voluntary Disclosure matters;

## Accessories

### Lawsuits against the Katz family

45. There shall be a full release of the all members of the Katz/Mager families with respect to the two actions against them: "SPVM case" and "defamation cases" more fully described herein and Me Neil Oberman shall be released as a mis-en-cause with respect to the "SPVM" case;

### Condominium in Florida

46. Stanley and Rosanne shall abide by the ownership of the Condominium in Florida by the Florida Laws respecting Life Estates and Remainder interests in which the primary title of the condominium rests with Ruth during her lifetime and sole title with Rosanne thereafter; access thereto will be enjoyed by both parties and their families by the schedule agreed to and described below;

47. The usage rights to the said condo shall be as follows:

   a. Stanley and Rosanne shall be permitted to use the said condo separately for a maximum period of eight (8) weeks at a time which shall in no event exceed more than six months a year for each party;

   b. Rosanne shall have first choice regarding use of the Florida condo in the cold weather months of December, January and February of each year;

   c. The Parties agree that the Petition of Guardianship of the Condominium by Rosanne shall be modified with the consent of Stanley and Rosanne whereby the New Curator to the Property shall be recognized by the Florida Court as the non-resident Guardian to the Property in Florida;

   d. Rosanne and Stanley may attend at the said condominium without the presence of Ruth;

### Security for costs

8

9

48. All security for costs deposited by Stanley in the Curatorship Action and in the Defamation Action against the Katz family shall be released upon the homologation of the present Agreement to Stanley;

## Costs

49. Subject to the payment of Faigle's and Aniceto's outstanding fees and/or legal fees and/or expert fees, all other judicial and extra-judicial costs shall be absorbed by each respective party at their own cost;

## Mutual Release and Discharge

50. The Katz and Mager families hereby mutually waive and release each other for now and forever of any of their rights, actions and recourses against the Katz family and Mager family for any causes of action past, present or future directly or indirectly relating to the facts in the present Court files bearing Court Number: 500-17-077901-133 and all other causes of action bearing Court Numbers: 500-22-212133-147, 500-17-089041-159, 500-17-088860-153, 500-14-046627-154 of any other recourses, suits, actions of any nature whatsoever regarding Ruth Kreps and any members of the respective Katz and Mager families;

## Faigle Release and Discharge

50.1 Save and except criminal acts, the Katz family, the Mager family and Faigle hereby mutually waive and release each other for now and forever of any of their rights, actions and recourses against one another for any causes of action past, present or future directly or indirectly relating to the facts in the present Court files bearing Court Numbers: 500-17-077901-133, 500-14-046627-154 and any other recourses, suits, actions of any nature whatsoever regarding Ruth Kreps and any members of the respective Katz family, Mager family and Faigle;

## Aniceto Release and Discharge

50.2 Save and except criminal acts, gross negligence, accounting reports in accordance with Generally Accepted Accounting Principles ("GAAP"), and/or Articles 1301 to 1305 C.C.Q, the Parties, the intervening parties, the Katz family, the Mager family and the New Curators hereby waive and release Aniceto for now and forever of any of their rights, actions and recourses against Aniceto for any causes of action past, present or future directly or indirectly relating to the facts in the present Court files bearing Court Number: 500-17-077901-133 and all other causes of action bearing Court Number: 500-14-046627-154 and all proceedings adopted in the State of Florida under Court Number: 24393553 and any other recourses, suits, actions of any nature whatsoever regarding Ruth

9

10

Kreps and any members of the respective Katz family, Mager family and Aniceto;

50.3 Pursuant to the instructions of the Parties, and in consideration of the issuance of the cheques prepared by Aniceto in connection with the settlement, the Parties, the intervening parties, the Katz family, the Mager family and the New Curators hereby waive and release Aniceto for now and forever of any of their rights, actions and recourses against Aniceto for any causes of action past, present or future directly or indirectly relating to the issuance of said cheques;

## Confidentiality

51. It is understood that the present settlement shall remain confidential and private and under seal and that it is a condition precedent of this settlement that it will not be disclosed by any intervening party, their agents, lawyers, employees, assigns or representatives of any person or corporation not a party to this transaction unless required to so by law or to defend against a breach of this Agreement;

## Non-Disparagement

52. The intervening Parties, their successors, agents, employees, attorneys, insurers, assigns or representatives hereby agree to cease and desist from making any disparaging, libelous, defaming or illegal remarks against each other or any other party as related to any of the facts set out in any of the Curatorship, Estate, defamation or SPVM lawsuits, or any other remarks or comments concerning their private family affairs;

## Reasons for settlement

53. This Agreement has been entered into for the following reasons:

b. This long, costly and protracted litigation has resulted in the gravest animosity between the Katz and Mager families;

c. Said litigation has relegated the mother of Stanley and Rosanne and the incapacity judgment by Justice Pepita Capriolo on December 11, 2014 to the status of a non-entity puzzled by her respective children;

d. It is in the highest interest of the mother and her children that the present Agreement are a complete entente of every issue and is designed to end this tragic litigation;

e. Therefore, the parties do humbly and respectfully request that this Honorable Court and the Case Management Justice Joël A. Silcoff append

11

their approval and its homologation of this Agreement *in toto* and this is a condition precedent of both parties to this Agreement;

54. This Agreement shall be governed by the laws of the Province of Quebec and Canada;

55. Save and except Faigie and Aniceto, the Parties agree to submit the provisions regarding mediation and arbitration to the exclusion of the Courts in Canada and/or the United States;

56. All of the Parties and Intervenants hereto hereby agree that the present Agreement shall constitute a transaction of all the proceedings currently pending between them and shall constitute a transaction in accordance with Article 2631 of the Civil Code of Quebec;

57. The Parties and intervenants hereto have requested that the present Agreement be drafted in the English language. Les parties et les intervenants soussignées ont expressément demandé que la présente convention soit rédigée en anglais.

AND THE PARTIES HAVE SIGNED THIS 30th DAY OF SEPTEMBER, 2015:

[Remainder of page intentionally left blank all signatures are on the following page]

12

STANLEY MAGER

ROSANNE MAGER KATZ

RUTH KREPS
Per Faigie Aidelman, *ès qualité*
As Curator to her Person

FAIGIE ADELMAN In her
capacity as Curator to the
Person of Ruth Kreps

ANICETO PEDICELLI
In his capacity as Curator
to the Property of Ruth Kreps

DAVID RAK

DAVID SULITEANU

13

## Intervention

And to these presents did intervene the following parties who subscribe to each and every one of the conditions of the settlement agreement annexed hereto as if they were a party therein and hereby recognize having taken knowledge of the present *Receipt, Release, Discharge and Transaction* and undertake to abide by its terms.

Scott Katz

Anna Racloot

Susan Mager Wolchok

Stuart Mager

Patrice Diamond

Elaine Borenstein Mager

Issie Katz
represented by his spouse
Rosanne Katz

13

## Intervention

And to these presents did intervene the following parties who subscribe to each and every one of the conditions of the settlement agreement annexed hereto as if they were a party therein and hereby recognize having taken knowledge of the present *Receipt, Release, Discharge and Transaction* and undertake to abide by its terms.

_____
Scott Katz

_____
Anna Racioot

_____
Susan Mager Walchok

_____
Stuart Mager

_____
Patrice Diamond

_____
Elaine Borenstein Mager

_____
Issie Katz
represented by his spouse
Rosanne Katz

13

<u>Intervention</u>

And to these presents did intervene the following parties who subscribe to each and every one of the conditions of the settlement agreement annexed hereto as if they were a party therein and hereby recognize having taken knowledge of the present *Receipt, Release, Discharge and Transaction* and undertake to abide by its terms.

_____

Scott Katz

_____

Anna Racicot

_____

Susan Mager Wolchok

Stuart Mager

_____

Patrice Diamond

Elaine Borenstein Mager

Issie Katz
represented by his spouse
Rosanne Katz

13

## Intervention

And to these presents did intervene the following parties who subscribe to each and every one of the conditions of the settlement agreement annexed hereto as if they were a party therein and hereby recognize having taken knowledge of the present *Receipt, Release, Discharge and Transaction* and undertake to abide by its terms.

_____
Scott Katz

_____
Anna Racicot

_____
Susan Mager Wolchok

_____
Stuart Mager

_____
Patrice Diamond

_____
Elaine Borenstein Mager

_____
Issie Katz
represented by his spouse
Rosanne Katz

13

## Intervention

And to these presents did intervene the following parties who subscribe to each and every one of the conditions of the settlement agreement annexed hereto as if they were a party therein and hereby recognize having taken knowledge of the present *Receipt, Release, Discharge and Transaction* and undertake to abide by its terms.

_____
Scott Katz

_____
Anna Racicot

_____
Susan Mager Wolchok

_____
Stuart Mager

_____
Patrice Diamond

_____
Elaine Borenstein Mager

_____
Issie Katz
represented by his spouse
Rosanne Katz

**EXHIBIT B**

Filing # 91016198 E-Filed 06/12/2019 06:43:26 PM

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.  <u>PRC180000617</u>   DIVISION  <u>62J</u>   JUDGE  <u>Kenneth Gillespie</u>

In Re: Guardianship of: Mager, Ruth Kreps

_____/

## AGREED ORDER

**THIS CAUSE** having come before this Court on May 8, 2019 on Stanley Mager's Amended Petition to Recognize and Domesticate the Foreign Homologated Judgment and the Court having reviewed the pleadings, heard the argument of counsel, and having been otherwise fully advised in the premises, it is thereupon:

**ORDERED AND ADJUDGED** that the Motion is **DENIED WITHOUT PREJUDICE.** Stanley Mager's rights of use to the condominium located at 2030 S. Ocean Drive, Apt. 2112, Hallandale Beach, Florida 33309 are already recognized under the Quebec Judgment dated October 8, 2015 and the judgment dated June 8, 2018. At this time, there has been no denial of Stanley Mager's rights of use. Therefore, the issue of domesticating the Quebec Judgment dated October 8, 2015 is not ripe.

**DONE** and **ORDERED** in Chambers, at Broward County, Florida on <u>06-12-2019</u>.

PRC180000617 06-12-2019 11:53 AM

PRC180000617 06-12-2019 11:53 AM
Hon. Kenneth Gillespie
**CIRCUIT JUDGE**
Electronically Signed by Kenneth Gillespie

**Copies Furnished To:**
Brandan J. Pratt , E-mail : liana@hpmlawyers.com
Brandan J. Pratt , E-mail : bpratt@hpmlawyers.com
Brandan J. Pratt , E-mail : jennifer@hpmlawyers.com
Brett D Sager , E-mail : Brett@ehrensteinsager.com
Brett D Sager , E-mail : Elaine@ehrensteinsager.com
Brett D Sager , E-mail : Christina@ehrensteinsager.com
Brett D. Sager , E-mail : ecala@eslawfl.com
Brett D. Sager , E-mail : bds@eslawfl.com
Christopher Barton , E-mail : chris@hpmlawyers.com

Daniel Eric Gonzalez , E-mail : ablitz@hinshawlaw.com
Daniel Eric Gonzalez , E-mail : dgonzalez@hinshawlaw.com
Katia Cardenas , E-mail : kcardenas@hinshawlaw.com
Martin D. Stern , E-mail : kcardenas@hinshawlaw.com
Martin D. Stern , E-mail : mstern@hinshawlaw.com
Martin Stern , E-mail : mstern@hinshawlaw.com
Michael D. Ehrenstein , E-mail : Elaine@ehrensteinsager.com
Michael D. Ehrenstein , E-mail : mike@ehrensteinsager.com
Michael D. Ehrenstein , E-mail : Christina@ehrensteinsager.com
Nicole Marie Martell , E-mail : nicole@ddpalaw.com
Nicole Marie Martell , E-mail : service@ddpalaw.com
Ross Manella , E-mail : nlouis@hinshawlaw.com
Ross Manella , E-mail : rmanella@hinshawlaw.com

# EXHIBIT C



 

8000 boul. Décarie, suite 500
Montréal (Québec) H4P 2S4
TÉLÉPHONE : 514.731.7901
TÉLÉCOPIEUR : 514.731.2923
www.nexiafriedman.ca

November 10, 2015

Mr. Bill Gilbert
Parker Plaza
2030 South Ocean Drive
Hallendale Beach Boulevard, FL
33009 USA

RE :    Ruth Kreps
        Apartment 2112

Dear Bill,

Pursuant to our conversation of November 9, 2015, I am enclosing a copy of the court appointed curatorship.  This document appoints myself to act as a financial curator, in which all expenses will be handled by the undersigned.

In the interim, should you require any additional information, please do not hesitate to contact the undersigned at your convenience.

As a follow-up to our discussion, please note that Ruth's 2 children, Roseanne Katz and Stanley Mager are both entitled to see any documentation which they request, as long as it is such that is allowed to be released by the condominium.

Yours truly,

NEXIA FRIEDMAN LLP

David Rak, CPA, CA

DR/fr

Encl.

P:\TYPHON\LETTERS\RAK\29(1)\4210-7188 Quebec Inc. (1713-0019)\RK2 re 2009 tax return 100915.doc

NEXIA FRIEDMAN s.e.n.c.r.l., une société en nom collectif à responsabilité limitée, est un membre de «Nexia International», un réseau mondial de firmes comptables indépendantes.
NEXIA FRIEDMAN LLP, a limited liability partnership, is a member of "Nexia International", a worldwide network of independent accounting firms.

ParkePPB0100198

**EXHIBIT D**

September 25, 2017.

Invoice from MILTON LOZADA.

Identification of where water came in TO apartment 2112, due to Hurricane IRMA, through the uneven sliding doors in living room, facing the ocean - crack in doors.

Resulting in damage to living room furniture and carpet.

Milton Lozada cleaned the carpet and underpadding and carpet ruined. Need to be replaced; Furniture in living room had water at bottom; Need to be reupholstered or changed.

Labor for Milton, couple of days, $100.⁰⁰

MILTON LOZADA