UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-62350-RAR

**ELAINE MAGER**, *et al.*,

 Plaintiffs,

v.

**ROSANNE KATZ**, *et al.*,

 Defendants.
_____/

## ORDER REMANDING CASE

**THIS CAUSE** comes before the Court *sua sponte*. Because federal courts are courts of limited jurisdiction, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). The Court must therefore "zealously insure that jurisdiction exists over a case." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). Federal courts have diversity jurisdiction over civil actions between citizens of different states or foreign countries where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Because a removing party is the one invoking the court's jurisdiction, the burden is on the removing party to prove jurisdiction exists by a preponderance of the evidence. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). Defendants removed this case on the basis of the Court's diversity jurisdiction. Notice of Removal, [ECF No. 1] ¶ 18. The Complaint, [ECF No. 1-1], however, only alleges the amount in controversy exceeds $30,000. Compl. ¶ 2. And the only other amount referenced in the Complaint is $11,650, which was paid by David Rak, who is not a party to this action. Compl. ¶ 27.

Because it was not "facially apparent from the complaint" that the amount in controversy requirement was met, the court exercised its ability to look to the Notice of Removal and other evidence to determine if diversity jurisdiction existed over this case. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001). The Court found the Notice of Removal lacking. A removing party cannot simply invoke the Court's jurisdiction with mere "conclusory allegation[s]" relating to the amount in controversy. *Id.* But that is what Defendants did. They simply stated that, "[u]pon information and belief," the Condominium at issue is worth approximately four hundred thousand dollars and that "Plaintiffs' alleged interest in the Condominium is far greater than $75,000.00." Notice of Removal ¶ 18. Finding these statements too conclusory to establish the amount in controversy, the Court issued an Order to Show Cause and directed Defendants to "provide sufficient evidence to establish the amount in controversy at the time of removal." Order to Show Cause, [ECF No. 78], at 2. Defendants filed a Response to Order to Show Cause ("Response"), [ECF No. 80], and attached (1) the civil cover sheet; (2) the state court docket; and (3) a collection of emails sent from Plaintiff Stanley Mager. The Court finds this evidence insufficient to establish the amount in controversy by a preponderance of the evidence.

Beginning with the Civil Cover Sheet and state court docket, the Civil Cover Sheet states that the "amount of claim" is "over 100,000.00." [ECF No. 80-1] at 1. It further provides, however, that the amount of claim is "requested for data collection and clerical processing purposes only," and that "[t]he amount of the claim shall not be used for any other purpose." *Id.* Recognizing the vague and conclusory nature of these types of documents, "courts have uniformly required additional evidence in conjunction with civil cover sheets." *See Chase v. Holiday CVS, LLC*, No. 22-20752, 2022 WL 2135446, at *3 (S.D. Fla. May 13, 2022).

So, the Court turns to the emails Defendants attached to their Response. A court may consider post-removal evidence where the complaint and notice of removal fail to establish jurisdiction. *See Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). When evaluating post-removal evidence, however, a court must ensure it judges the facts that support removal "at the time of the removal." *Id.* (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Post-removal evidence is therefore only probative where it is relevant to the time of removal. *Cf. Allen*, 63 F.3d at 1335 (stating that post-removal affidavits "are allowable only if relevant to" the time of removal). Courts must also remain aware that statements made by parties, such as those contained in a demand letter, may simply "reflect puffing and posturing" when they do not "provide specific information to support the plaintiff's claim for damages." *Beauliere v. JetBlue Airways Corp.*, No. 20-60931, 2020 WL 6375170, at *2 (S.D. Fla. Oct. 29, 2020) (alterations accepted) (quoting *Gluth v. Am. Airlines, Inc.*, No. 2:19-cv-918-FtM-38MRM, 2020 WL 897986, at *2 (M.D. Fla. Feb. 25, 2020)). In a similar vein, a court may place little weight on unsupported estimates of damages contained in communications between the parties. *See, e.g., Morris v. Bailo*, No. 2:17-cv-224-FtM-99CM, 2017 WL 7355308, at *1 (M.D. Fla. May 1, 2017) (stating the court "decline[d] to place great weight on an email chain estimating damages"); *Wadsworth v. Fed. Ins. Co.*, No. 6:18-cv-1445-Orl-41DCI, 2018 WL 6977332, at *5 (M.D. Fla. Dec. 6, 2018) (considering statement of plaintiffs' damages made by counsel on a telephone call "equivalent to written puffery").

With the above principles in mind, the emails attached to Defendants' Response do not establish that jurisdiction existed at the time of removal by a preponderance of the evidence. To begin, all the figures contained in these emails appear to be mere puffery, because none of the damages estimates are supported by any evidence. Specifically, Stanley Mager gives no basis in

any of these emails for his assertions that damages are "probably in excess of 500k," [ECF No. 80-3] at 2, that certain parties are "liable over 100k," [ECF No. 80-4], that the Condominium "needs 80-90 k," [ECF No. 80-5] at 3, or that his "sister faces about $100,000.00 in repairs and improvements," [ECF No. 80-7], nor does he attach any evidence showing that Plaintiffs were in fact "out 100 k," [ECF No. 80-6].

And there are further reasons to assign little probative value to these emails. Only a single email predates the filing of this action. *See* [ECF No. 80-4]. Stanley Mager sent two of these emails approximately five months after Plaintiffs filed suit, *see* [ECF Nos. 80-5, 80-6], a third email over a year after initiating this action, [ECF No. 80-7], and the latest over two years after this case was removed from state court, [ECF No. 80-3]. It is therefore unclear what probative value—if any—these instances of puffery have on the amount that was in controversy "at the time of . . . removal." *Sierminski*, 216 F.3d at 949 (quoting *Allen*, 63 F.3d at 1335). Finally, Defendants have not demonstrated some of these figures necessarily relate to the instant action against them. The reference to five hundred thousand dollars, for example, is immediately followed by a reference to a "Mr[.] Roberts" and "Mr[.] Daltorio," and immediately before this figure is cited Stanley Mager references a lawsuit that is forthcoming—not already filed, as this action was when he sent this email. [ECF No. 80-3] at 2. Other emails similarly name people who are not Defendants when referencing the relevant damages. *See generally* [ECF Nos. 80-4, 80-5]. Even if these pieces of evidence, when considered with the Civil Cover Sheet and state court docket, are slightly probative of the amount in controversy, they merely demonstrate "the amount in controversy *potentially* exceeds $75,000, but [they] do[] not demonstrate 'by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied.'" *Jeffers v. State Farm Mut. Auto. Ins. Co.*, No. 3:09-cv-1097-J-34JBT, 2010 WL 11623391, at *5 (M.D. Fla. July

19, 2010) (quoting *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)).[1]

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the above-styled action is **REMANDED** to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. The Clerk of Court is **DIRECTED** to forward a copy of this Order to the Clerk of Court for the Seventeenth Judicial Circuit in and for Broward County, Florida. Any pending motions are **DENIED as moot**. The Clerk is instructed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida, this 21st day of May, 2023.

                                                          **RODOLFO A. RUIZ II**
                                                          **UNITED STATES DISTRICT JUDGE**

---

[1] The Court also notes that Defendants ultimately did not provide any evidence of the value of either the Condominium or Plaintiffs' interest in it, both of which they asserted exceeded the jurisdictional amount in their Notice of Removal. Notice of Removal ¶ 18.